DLD-194                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1851
_____

In re:  ROGER FRANCIS DURONIO,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civil Action No. 10-cv-01574)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 19, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: July 22, 2011)
_____

OPINION
_____

PER CURIAM

        Petitioner Roger Duronio, proceeding pro se, seeks a writ of mandamus

compelling the United States District Court for the District of New Jersey to rule on his

28 U.S.C. § 2255 motion.

        Duronio filed a 28 U.S.C. § 2255 motion in March 2010.  In May 2010, the case

was reassigned from Judge Katharine S. Hayden to Judge Jose L. Linares.  Thereafter, the

1

United States filed a response to the § 2255 motion, and in September 2010, Duronio replied to the United States' response. In February 2011, Duronio filed a motion to expedite consideration of the action. Then, in April 2011, he filed the current petition for a writ of mandamus.[1]

Mandamus is a drastic remedy that is granted only in extraordinary cases. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). Although district courts are generally given discretion to control their dockets, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), an appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction," *Madden*, 102 F.3d at 79.

Here, there is no basis for granting the petition for a writ of mandamus, as there has been no undue delay in adjudication of Duronio's § 2255 motion. The district court docket reflects that the matter is progressing in a timely manner, as in April 2011, the district court ordered the United States to file trial transcripts and other documentation

---

[1] The petition for a writ of mandamus was not deemed to be compliant until May 12, 2011, when Duronio paid the required filing fee.

2

relating to the underlying proceeding by June 10, 2011.  Therefore, Duronio's petition for a writ of mandamus will be denied.